(C. D. 1352)

C. J. HOLT & Co., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 27, 1951)

*Benjamin A. Levett* (*Meyer Ohlbaum* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Richard E. FitzGibbon* and *John J. McDermott*, special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: The evidentiary facts in this case are not in dispute and are, quite simply, the following: The plaintiff's principal, an American automobile manufacturer, imported from Canada 551 automobile tires and tubes which had been manufactured in Canada. Duty was paid thereon, and subsequently 444 of the tires and tubes were mounted on 444 American-made wheels and the said wheels, tires,

and tubes were affixed to the axles of 111 American-made automobiles. The remaining 107 imported tires and tubes were mounted on 107 American-made wheels and the said wheels, tires, and tubes were placed, and presumably attached in the usual fashion, inside 107 of the 111 automobiles as the spare wheel, tube, and tire. The automobiles were then exported, and the plaintiff claimed as drawback 99 per centum of the duties paid on importation of the tires and tubes.

None of the facts of importation or exportation are in dispute, nor of the use of the tires, as above stated, and it was conceded on the part of the Government that all of the applicable customs regulations were complied with. Drawback was allowed on the 444 tires and tubes mounted on the wheels attached to the axles of the exported cars, but it was denied on the 107 tires and tubes mounted on the spare wheels on the ground that the said 107 imported duty-paid tires and tubes had not been used in the manufacture or production of exported articles, as required by the provisions of section 313 (a) of the Tariff Act of 1930 (19 U. S. C. § 1313 (a)), the drawback statute. The pertinent provisions of the said section 313 (a) are quoted in the margin.[1]

In the brief filed on behalf of the plaintiff alternative arguments are offered as follows: (1) Spare wheels, with tires and tubes, are necessary parts of automobiles, and hence the exported automobiles were "manufactured or produced" in the United States with the use of imported merchandise, as required by section 313 (a), *supra*, or (2) if the spare wheel, tire, and tube is not considered a necessary part of an automobile, then the spare wheel itself, as exported, complete with tire and tube, was "manufactured or produced" in the United States with the use of imported merchandise, as required by the statute.

In support of the first argument, counsel for the plaintiff in the brief filed in its behalf asks the court to take judicial notice "that all automobiles are now sold with a spare wheel as part of the necessary equipment for safe driving, and that such spare wheel forms a necessary part of the automobile."

We take it that by the words "spare wheel" counsel intended to include the tire and tube, as well as the wheel itself. So far as taking judicial notice of the alleged facts as stated by counsel is concerned, the court is unable to do so, for it does not believe that such facts are within the realm of common knowledge. In fact, it is the court's understanding that the equipment with which automobiles are sold varies from time to time and from manufacturer to manufacturer.

---

[1] SEC. 313. DRAWBACK AND REFUNDS.

(a) ARTICLES MADE FROM IMPORTED MERCHANDISE.—Upon the exportation of articles manufactured or produced in the United States with the use of imported merchandise, the full amount of the duties paid upon the merchandise so used shall be refunded as drawback, less 1 per centum of such duties  *  *  *.

However, we do not believe that decision in this matter should rest upon the notion that only those imported parts or equipment of exported automobiles which are "necessary * * * for safe driving" are the only parts or equipment which satisfy the statutory requirement here involved that the exported article be "manufactured or produced" in the United States with the use of imported merchandise.

It is a matter of common knowledge that automobiles are made in the United States by assembly-line methods, that is to say, various parts are manufactured and then assembled, i. e., collected and joined together, to make the completed article, the automobile. Whether such assembly be considered to be a manufacture or a production is immaterial; certainly no one will deny that it is either or both, so that it may be said that the assembly of parts into a completed automobile is a manufacture or production such as is contemplated by the drawback statute, section 313 (a), *supra*. The granting of the drawback claim as to the 444 tires and tubes affixed to the running wheels of the 111 automobiles involved is an admission of this fact.

If it could be said that only those parts thus assembled into an automobile which were necessary for safe driving thereof were the only parts used in the manufacture or production of the automobile, certainly very absurd results would follow. Seats other than the driver's are not necessary for safe driving, nor are the interior and exterior ornamentation and refinements which are commonly found on American-made cars, yet they are regularly accepted as the usual components of automobiles.

It follows that parts other than those necessary for safe driving must be considered to be parts of automobiles manufactured or produced in the United States. These parts, then, must be parts used in the manufacture or production of automobiles whose function is convenience, comfort, or desirability from other standpoints.

We do not wish to be understood as saying that everything found on an automobile is *ipso facto* a part used in the manufacture or production thereof. The test of whether a part or piece of equipment was used in the manufacture or production of an automobile in the United States is not whether the automobile could function without such part or equipment, but whether it is of such a nature that it is commonly found in or on automobiles as produced in the United States and has won acceptance by the motoring world as a part or equipment expected to be in or on an automobile. In this category, at least one spare wheel, tire, and tube to each car is logically to be found.

It is a fact commonly known of which the court may take judicial notice that provision is made during manufacture of virtually every automobile for the carriage of a spare wheel, tire, and tube, and that virtually every automobile is equipped with such a wheel, tire, and

tube. They are usually easily detachable from their place of carriage as this is necessary for their use when needed, but they are as much an accepted and expected part of an automobile as are bumpers and bumper guards and license-place holders.

We are of the opinion that the 107 tires and tubes in issue, mounted on the spare wheels of the exported automobiles, were used in the manufacture or production of the said automobiles within the meaning of the terms "manufactured or produced" as used in section 313 (a), *supra*, and that the plaintiff was entitled to drawback thereon under the provisions of the said statute.

It is argued on behalf of the defendant that the mere mounting of the 107 tires and tubes on the spare wheels was not a manufacture or production within the meaning of the statute; that no new article, having a distinctive name, character, or use different from that originally possessed by the tires and tubes was created; and, in substance, that tires and tubes were imported and tires and tubes were exported.

Perhaps the best answer to this argument is the fact that nothing more was done with the 107 tires and tubes mounted on the spare wheels than was done with the 444 tires and tubes mounted on the running wheels of the automobiles as to which drawback was allowed.

Judgment will issue sustaining the protest claim accordingly.